UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEREK SLOANE, <br><br> Petitioner, <br><br> -against- <br><br> ADRIAN H. (BUTCH) ANDERSON, SHERIFF, <br><br> Respondent. | 1:19-CV-4700 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated at Coxsackie Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his March 19, 2015 convictions in the Justice Court of the Town of Wappinger, Dutchess County. By order dated July 3, 2019, the Court granted Petitioner thirty days' leave to submit an amended petition. On August 7, 2019, the Court received from Petitioner a letter discontinuing the *habeas corpus* action but seeking to assert new civil right claims. For the following reasons, the Court denies the petition.

**BACKGROUND**

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's June 3, 2019 order. In the June 3, 2019 order, the Court determined that because Petitioner had fully served his sentences for the March 19, 2015 convictions, he was no longer in custody and could not challenge the convictions in a § 2254 petition. (ECF No. 6, 3-4.) But the Court granted Petitioner thirty days' leave to amend his petition to show that he meets the "in custody" requirement – that is, that as a result of his convictions, he continues to suffer from substantial restraints not shared by the general public. (*Id*. at 4.) In his letter, Petitioner concedes that he is no longer in custody pursuant to the March 19, 2015 convictions, but he alleges that his personal property, which was taken at the time of his arrest, is still in the possession of the

Dutchess County District Attorney's Office. Petitioner asserts that he "will discontinue this *habeas corpus*, but will move forward with obtaining[his] property." (ECF No. 7, 1.) He requests that the Court schedule a hearing on the matter or issue an order directing the Dutchess County District Attorney's Officer to return his property.

## DISCUSSION

Because it is clear that Petitioner is no longer in custody pursuant to his March 19, 2015 convictions, the Court denies this petition for a writ *habeas corpus* under 28 U.S.C. § 2254. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("[R]equiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed.").

Further, the Court declines to consider Petitioner's assertions concerning his property in this action because such claims cannot be considered in a *habeas corpus* petition, but must be brought in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.") But even if the Court could convert this *habeas corpus* petition into a § 1983 action, Petitioner's claims must be denied. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) (allowing for the possibility that federal prisoners may seek § 1983 relief and *habeas corpus* relief in the same pleading); *But see Hargrove v. Dep't of Corr.*, No. 09-CV-0876 (WWE), 2009 WL 2372165, at *1 (D. Conn. July 30, 2009) (The Second Circuit has not yet extended to persons in state custody the ability to file *habeas corpus* and § 1983 claims in the same pleading.) Petitioner is barred under 28 U.S.C. § 1915 (g) from filing civil right lawsuits *in forma*

2

*pauperis* (IFP) while a prisoner. *See Sloane v. Eriser*, ECF 1:16-CV-5721, 7 (S.D.N.Y. Aug. 12, 2016). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. Petitioner cannot circumvent his § 1915(g) bar by asserting his property claims in this *habeas corpus* action. To the extent Petitioner seeks relief for the alleged taking of his personal property, he must file a § 1983 civil rights action to litigate those claims.[1]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Court denies the petition. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] Petitioner should note that any new complaint he files IFP must show that he is in imminent danger of serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Petitioner may also commence a new civil action by paying the filing fee. If Petitioner does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 20, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge